UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
ANTHONY CUMMINGS,

               *Petitioner*,

    -against-

WILLIAM LEE, Superintendent, Green
Haven Correctional Facility,

               *Respondent*.
--------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER
ADOPTING REPORT AND
RECOMMENDATION**

09-CV-4331 (KAM)(RLM)

**MATSUMOTO, United States District Judge:**

        On September 30, 2009, Anthony Cummings ("petitioner")

filed this *pro se* petition for a writ of habeas corpus, pursuant

to 28 U.S.C. § 2254, challenging his conviction for robbery in

the first degree and criminal possession of stolen property in

the fifth degree following a jury trial in Kings County Supreme

Court in New York. (ECF No. 1, Petition for Habeas Corpus filed

9/30/09 ("Pet.") at 1.)[1]

        On April 12, 2010, this court referred the habeas

petition to Magistrate Judge Roanne L. Mann for a Report and

Recommendation. (ECF No. 11, Order Referring Case dated

4/12/10.) On August 8, 2010, Judge Mann issued a Report and

Recommendation ("R&R") recommending that the petition be denied.

(*See* ECF No. 14, Report and Recommendation dated 8/20/10 ("R&R")

at 1.) As explicitly noted at the end of the R&R, any

---

[1] References to page numbers in the petition are to those page
numbers automatically assigned by the court's electronic case filing system.

objections to the R&R were to be filed by September 7, 2010. (*Id.* at 27.) By letter dated August 30, 2010, petitioner requested additional time to file his objections. (*See* ECF No. 15, Letter Motion for Extension of Time filed 8/31/10.) The court granted petitioner's request and directed him to file any objections by October 8, 2010. (ECF No. 16, Order Granting Motion for Extension of Time to File dated 8/31/10.) On October 12, 2010, the court received a copy of petitioner's objections to the R&R.[2] (*See* ECF No. 17, Objections to R&R dated 10/7/10 and filed 10/12/10 ("Obj.").) On May 7, 2012, petitioner filed a letter requesting the court to take judicial notice of two recent Supreme Court cases. (ECF No. 21, Petitioner's Request for the Court To Take Judicial Notice filed 5/10/12 ("Pet'r Req.").) Finally, on January 31, 2013, petitioner filed an unsolicited and untimely letter reiterating his objections to Judge Mann's R&R. (ECF No. 22, Letter from Petitioner filed 2/11/13 ("Pet'r Ltr.").)

Upon review of the parties' submissions, the underlying record, and the applicable case law, the court overrules petitioner's objections and adopts Judge Mann's well-

---

[2] Petitioner is entitled to the benefit of the "prison mailbox rule," which deems the papers of a petitioner who is in custody to be filed as of the date he gave the papers to prison authorities for mailing. *See Walker v. Jastremski*, 430 F.3d 560, 562 (2nd Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). For the purposes of the instant Memorandum and Order, the court will assume that petitioner gave prison authorities his submission on the date listed on the petition, October 7, 2010.

reasoned and thorough R&R in its entirety as the opinion of the court.[3]

## **STANDARD OF REVIEW**

In reviewing a petition for *habeas corpus* relief, a federal court may only consider whether a person is in custody pursuant to a state court judgment in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to apply a deferential standard when conducting *habeas corpus* review of state court decisions. *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) ("AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." (citations and internal quotation marks omitted)). A petitioner is entitled to *habeas corpus* relief if he can show the state court decision (1) was "contrary to, or involved unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1); *see also Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir. 2002).

---

[3] Because Judge Mann's R&R provides a comprehensive recitation of the relevant facts underlying petitioner's convictions and the claims in his habeas petition (R&R at 2-11), such facts will not be repeated herein.

Moreover, in reviewing an R&R, a district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party makes specific and timely objections to a magistrate judge's findings or recommendations, the district court must apply a *de novo* standard of review to the portions of the R&R to which the objection is made. *Mazzei v. Abbott Labs. & Co.*, No. 10-CV-1011, 2012 WL 1101776, at *1 (E.D.N.Y. Apr. 2, 2012) (citing Fed. R. Civ. P. 72(b)(3); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)); *see also* 28 U.S.C. § 636(b)(1).

Where no proper objection to an R&R has been timely made, the district court "'need only satisfy itself that that there is no clear error on the face of the record.'" *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Servs.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). Where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-CV-6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008) (citations and internal quotation marks omitted); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "'Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply re-litigating a prior argument.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *2 (E.D.N.Y. Feb. 15, 2012) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## DISCUSSION

Although far from a model of clarity, petitioner's submissions, construed liberally, raise the following three objections to Judge Mann's R&R:

(1) Judge Mann erroneously denied petitioner's habeas claims based on ineffective assistance of counsel, (*see* Obj. at 1, 5-10; Pet'r Req. at 1-2; Pet'r Ltr. at 1-3);

(2) Judge Mann failed to conduct an evidentiary hearing to develop a complete factual record before adjudicating the merits of the habeas petition, (*see* Obj. at 3-5; Pet'r Ltr. at 3-4); and

> > (3) Judge Mann overlooked the petitioner's language
> > deficiencies in deciding to deny the habeas
> > petition, (*id.* at 2-3).

For the reasons discussed below, petitioner's objections lack any merit and are respectfully overruled.

## I.   Petitioner's Ineffective Assistance of Counsel Claims

Petitioner first objects to the R&R on the ground that Judge Mann erroneously rejected his ineffective assistance of counsel claims. (*Id.* at 1, 5-10.)  Specifically, petitioner argues that his trial attorney provided ineffective assistance of counsel during his state court criminal proceedings by (a) failing to object to the introduction of allegedly inadmissible hearsay evidence, (*id.* at 5-9); and (b) failing to advise petitioner of the desirability of pleading guilty and of his risk of deportation, (*id.* at 9-10).

As a preliminary matter, the court notes that petitioner's objections regarding his ineffective assistance claims merely recite the same arguments already advanced before, and ultimately rejected by, Judge Mann. (*See* Pet. at 3-4; ECF No. 7, Petitioner's Opposition to Respondent's Motion to Dismiss dated 11/16/09 ("Pet'r Opp.") at 2; ECF No. 13, Petitioner's Reply to Respondent's Answer ("Pet'r Reply") at 4-7; R&R at 13-14, 17-18.)  Accordingly, the court reviews Judge Mann's recommendation to deny petitioner's ineffective assistance claims for clear error.  *See Caldarola v. Town of Smithtown*, No.

09-CV-272, 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011)

("[O]bjections which merely recite the same arguments presented

to the magistrate judge, are reviewed for clear error."

(internal quotation marks omitted)); *see also Vega v. Artuz*, No.

97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)

("[O]bjections that are merely perfunctory responses argued in

an attempt to engage the district court in a rehashing of the

same arguments set forth in the original [papers] will not

suffice to invoke *de novo* review of the magistrate's

recommendations."). Having reviewed the relevant portions of

Judge Mann's R&R as set forth below, the court finds no clear

error in Judge Mann's recommendation to deny petitioner's

ineffective assistance of counsel habeas claims.[4]

## A. Hearsay-Related Ineffective Assistance Claims

In her R&R, Judge Mann rejected petitioner's claims

that his trial counsel provided ineffective assistance of

counsel by failing to object to purportedly inadmissible hearsay

evidence. (R&R at 13-14.) Judge Mann noted that petitioner's

hearsay-related ineffective assistance claims were "rejected on

independent and adequate state grounds" and were therefore

procedurally barred from federal habeas review. (R&R at 13-14.)

---

[4] In an abundance of caution, the court has closely reviewed the evidentiary record and relevant case law in light of petitioner's objections and finds that adoption of Judge Mann's recommendation to deny petitioner's ineffective assistance of counsel claims is warranted even under *de novo* review.

Specifically, Judge Mann explained that such claims were summarily denied by the state court on collateral review pursuant to N.Y. Crim. Proc. Law. § 440.10(2)(c) because petitioner failed to raise those claims on direct appeal. (*Id.* at 13.)  Finding that petitioner established neither "cause and prejudice" nor a "miscarriage of justice" sufficient to warrant an exception to the "adequate and independent state law" doctrine, Judge Mann recommended denial of petitioner's hearsay-based claims of ineffective assistance of counsel based on procedural default. (*Id.* at 14); *see Guadmuz v. LaValley*, No. 10-CV-4408, 2012 WL 1339517, at *8 (E.D.N.Y. Apr. 17, 2012) ("[F]ederal courts may not review state court decisions that rest on an adequate and independent state procedural default unless petitioner can show both cause and prejudice or a fundamental miscarriage of justice.").

In his objections to Judge Mann's R&R, petitioner attempts to circumvent his procedural default by arguing that his ineffective assistance claims were not denied on adequate and independent state grounds. (*See* Obj. at 3-4.)  To that end, petitioner contends that his hearsay-based ineffective assistance claims were appropriately raised for the first time on collateral review because such claims were based on "off-the-record" conversations with trial counsel and were not demonstrable on the main trial record. (*See* Obj. at 3-4 (citing

*People v. Cosby*, 271 A.D.2d 353 (N.Y. App. Div. 2000); *Power v. Lord*, 462 F. Supp. 2d 371, 378 (W.D.N.Y. 2006).) Petitioner's objections, however, misconstrue both the facts and applicable case law and fail to demonstrate any clear error in Judge Mann's R&R.

Under New York law, a state court must "deny a motion to vacate a judgment based on a constitutional violation where the defendant unjustifiably failed to argue the constitutional violation on direct appeal despite a sufficient record." *Sweet v. Bennett*, 353 F.3d 135, 139 (2d Cir. 2003) (citing N.Y. Crim. Proc. Law § 440.10(2)(c)). Notably, "New York courts have held that some ineffective assistance claims are 'not demonstrable on the main record' and are more appropriate for collateral or post-conviction attack, which can develop the necessary evidentiary record." *Sweet*, 353 F.3d at 139 (citing *People v. Harris*, 109 A.D.2d 351, 360 (N.Y. App. Div. 1985)). Nevertheless, "where the trial record provide[s] a sufficient basis for the ineffective assistance claim on trial counsel's failure to object," a defendant's failure to raise the ineffective assistance claim on direct appeal constitutes a procedural default under New York law. *See Sweet*, 353 F.3d at 139 (citing *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997)).

Here, petitioner's ineffective assistance claims regarding his trial counsel's failure to object to purported

hearsay evidence are based entirely on matters established by the state trial record, notwithstanding petitioner's unsubstantiated and self-serving assertion that such claims are predicated on "off-the-record" conversations with his trial counsel. (*See* Resp't Ex. E, Petitioner's § 440.10 Motion to Vacate ("Mot. to Vacate") at 14-22.) In any event, petitioner does not describe his "off-the-record" conversations with his trial counsel and fails to explain how such unidentified "off-the-record" conversations form the basis of his ineffective assistance claims. Nor has petitioner proffered any reason why his hearsay-related ineffective assistance claims required further factual development on collateral review through an additional evidentiary hearing. Thus, under New York law, petitioner's unjustifiable failure to raise his ineffective assistance claims on direct appeal precluded his belated attempt to raise those claims on collateral review. *See* N.Y. Crim. Proc. Law § 440.10(2)(c). Consequently, the court finds no error in Judge Mann's determination that petitioner's hearsay-related ineffective assistance claims were procedurally barred from habeas review and therefore adopts Judge Mann's recommendation to dismiss these claims.[5]

---

[5] In her R&R, Judge Mann also determined that, even assuming that petitioner's hearsay-related ineffective assistance claims were not procedurally barred, such claims nevertheless failed on their merits. (*See* R&R at 14, 17-18, 26-27.) In making this determination, Judge Mann explained that the purportedly inadmissible hearsay evidence was not admitted for the

## B.    Plea-Related Ineffective Assistance Claims

Judge Mann also rejected petitioner's claim that his trial counsel rendered ineffective assistance by failing to properly advise petitioner about the desirability of pleading guilty and the possibility of his deportation if convicted at trial. (R&R at 18-19, 25-26.)  In rejecting this claim on the merits, Judge Mann first observed that petitioner offered "nothing more than his unsworn statement in his appellate brief, that 'he certainly would have taken the plea' had he only known that deportation was an 'inevitable consequence' of either taking a plea or going to trial." (*Id.* at 25.)  Second, Judge Mann noted that because petitioner was previously deported for a 1991 conviction, he "could not reasonably have believed that he would ever be permitted to remain in this country following yet another conviction." (*Id.*)  Third, Judge Mann determined that the state court trial judge and petitioner's trial counsel notified petitioner of the substantial risks of going to trial. (*Id.*)  Specifically, Judge Mann noted that, during petitioner's *Sandoval* hearing, petitioner failed to interject when his trial counsel informed the state court that she had "gone over the

_____

truth of the matter asserted, did not implicate petitioner, and constituted harmless error that did not impact the verdict. (*Id.* at 17-18.)  Furthermore, Judge Mann noted that "even if trial counsel could be faulted in certain respects," trial counsel nevertheless "zealously defended her client in the face of overwhelming evidence" and therefore did not render ineffective assistance. (*Id.* at 27.)  Having reviewed the record and applicable legal authority, the court agrees with Judge Mann's thorough and well-reasoned analysis and would similarly reject petitioner's hearsay-related ineffective assistance claims on the merits.

risks of going to trial" and that petitioner "[was] not
interested in a plea." (*Id.* at 25-26.) Based on these factors,
Judge Mann concluded that petitioner failed to make the
requisite showing of prejudice as required under *Strickland v.
Washington*, 466 U.S. 668 (1984) because petitioner did not
establish "'any probability that he would actually have [pleaded
guilty] had he known of the precise immigration consequences of
his conviction.'" (*Id.* at 26 (alterations in original) (quoting
*Boakye v. United States*, No. 09-CV-8217, 2010 WL 1645055, at *5
(S.D.N.Y. Apr. 22, 2010)).)

### 1. Objections Regarding Self-Serving Assertions of Prejudice

Petitioner objects to Judge Mann's recommendation to
deny his plea-related ineffective assistance claims on several
grounds. First, petitioner maintains that Judge Mann failed to
properly credit his assertion that he would have pleaded guilty
in order to receive a shorter sentence before removal if his
trial counsel had properly advised him that deportation was an
inevitable consequence of a trial conviction.[6] (*See* Obj. at 9-10;
Pet'r Req. at 1-2; Pet'r Reply at 6.) Specifically, petitioner
disputes Judge Mann's conclusion that Second Circuit precedent

---

[6] In *Padilla v. Kentucky*, the Supreme Court held that counsel's failure to
advise the defendant that a plea of guilty would subject him to automatic
deportation constituted deficient performance under *Strickland*. *Padilla*, 559
U.S. 356, 368-69 (2010). *Padilla* does not reach the second *Strickland* prong
of prejudice that is at issue here, *id.* at 369, nor is it clear whether
*Padilla* extends to advising a client about the deportation consequences of a
trial conviction, and not a guilty plea.

"requires some objective evidence other than petitioner's assertions" to establish *Strickland* prejudice. (Obj. at 9.) Petitioner cites *Pham v. United States*, 317 F.3d 178 (2d Cir. 2003), and *Carrion v. Smith*, 365 F. App'x 278 (2d Cir. 2010) for the proposition that Judge Mann should have credited his self-serving assertions of *Strickland* prejudice. (*Id.* at 9-10.) However, a review of *Pham* and *Carrion* supports Judge Mann's recommendation to deny petitioner's ineffective assistance of counsel claim for failure to show prejudice.

In *Pham v. United States*, the petitioner alleged that his trial counsel failed to convey a plea offer, and that, if it had been conveyed, he would have accepted it. 317 F.3d 178, 182 (2d Cir. 2003). The Second Circuit noted that, to establish prejudice under *Strickland*, "our precedent requires some objective evidence other than defendant's assertions" to corroborate a claim that a plea offer would have been accepted, but for counsel's errors. *Id.* at 182. This requirement of objective evidence may be satisfied by a "significant sentencing disparity" between the plea offer and the sentence after a trial conviction. *Id.* at 182-83. *Pham*, however, applies where an attorney never conveyed a plea offer or failed to accurately advise the client on the details of a plea offer. *See id.* at 183 (citing *Cullen v. United States*, 194 F.3d 401 (2d Cir. 1999) (attorney failed to inform client of details of plea bargain);

*United States v. Gordon*, 156 F.3d 376 (2d Cir. 1998) (attorney erroneously advised client on maximum sentencing exposure under plea deal); *Mask v.* McGinnis, 233 F.3d 132 (2d Cir. 2000) (attorney failed to correct prosecutor's mistaken belief that defendant was violent persistent felon under state law and conveyed erroneous mandatory minimum sentence)). *Pham* is therefore not applicable here, where petitioner not only had notice of two government plea offers, but was cautioned extensively by the trial judge about the high risk of proceeding to trial and was given opportunities to confer with his lawyer regarding whether to proceed to trial.

Petitioner's reliance on *Carrion v. Smith* is similarly unavailing. Petitioner argues that *Carrion* stands for the proposition that a petitioner's self-serving assertions that he would have pleaded guilty rather than go to trial, are sufficient, standing alone, to establish prejudice. (Obj. at ¶¶ 20, 21.) In *Carrion*, the Second Circuit, citing *Pham*, noted that a significant sentencing disparity "in combination with defendant's statement of intention" established *Strickland* prejudice where the petitioner alleged that, but for his trial attorney's failure to inform him of a minimum sentence of fifteen years to life if convicted of trial, he would have accepted a plea deal rather than go to trial. *Carrion v. Smith*, 365 F. App'x 278, 282 (2d Cir. 2010).

Carrion is distinguishable from the instant case. Here, petitioner does not allege that a significant sentencing disparity exists between the offered plea deal and his ultimate sentence after trial.[7] Moreover, even if petitioner had alleged such a sentencing disparity, the court finds no error in Judge Mann's conclusion that petitioner's self-serving and unsworn assertion of prejudice did not entitle petitioner to an evidentiary hearing or habeas relief.

First, unlike the petitioner in Carrion and claimants who allege ineffective assistance of counsel claims based on disparate sentence lengths, the outcome that petitioner complains about, and the crux of his ineffective assistance of counsel claim, is deportation. Petitioner complains that he "was not advised that if he proceeded to trial and lost[,] the matter of deportation would have been the same [as if he] had . . . plead[ed] guilty and been exposed to a lesser sentence." (Pet'r Req. at 1.) Under Strickland, to prove prejudice, petitioner "must show that there is a reasonable probability

_____

[7] Petitioner was offered two plea deals, the first for five years (Transcript of 9/22/05 Dunaway/Wade/Mapp Hearing held on 9/22/05 ("DWM Tr.") at 5), and the second for ten years (Transcript of Sandoval Hearing held on 11/2/05 ("Sandoval Tr.") at 2). After being convicted at trial, he was sentenced to 25 years in custody. The court acknowledges that the sentencing disparity is "more than double." Pham, 317 F.3d at 183. See also Vasquez v. United States, 733 F. Supp. 2d 452 (S.D.N.Y. 2010) (collecting cases where sentencing disparities of 113 months, 10 years, and 9 years were sufficient corroboration of petitioner's self-serving, post-conviction assertions of prejudice).

However, as discussed below, the court finds that petitioner's assertions of prejudice due to the deportation consequences of going to trial rather than pleading guilty are distinguishable from this circuit's cases on length-of-sentence claims.

that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Other courts have held that where the ultimate outcome of deportation remains the same, regardless of whether the path taken to removal is a guilty plea or conviction at trial, there is no *Strickland* prejudice. *See, e.g.*, *Francis v. United States*, No. 12 Civ. 1362, 2013 WL 673868, at *7 (S.D.N.Y. Feb. 25, 2013) (finding no prejudice where petitioner alleged that lawyer failed to inform him of deportation consequence of pleading guilty because petitioner was "unable to show that the outcome in his case would have resulted in anything but his being deported"); *Orozco v. United States*, No. 12-CV-7405, 2013 WL 4483404, at *1 (D.N.J. Aug. 20, 2013) ("[E]ven if Petitioner had [] agreed to the plea deal . . . he would have faced the same deportation consequences. . . . Regardless of whether Petitioner's counsel was deficient or not, Petitioner suffered no prejudice as a result of the alleged deficiency."); *Arias-Gonzalez v. United States*, 486 F. App'x 617, 617 (8th Cir. 2012) (holding that petitioner, who was sentenced to 300 months in prison after jury conviction and was "subject to deportation apart from his criminal proceedings[,] did not establish prejudice from counsel's alleged failure to discuss deportation

16

as a collateral consequence of conviction"); *Eley v. United States*, No. 10-CV-1529, 2013 WL 1943474, at *1 (E.D. Mo. May 9, 2013) (petitioner "has not shown that the outcome of the proceedings would have been different had her attorney informed her of the possibility of deportation following conviction").

Here, the outcome that petitioner complains about is removal from the United States following a term in custody. That outcome is the same regardless of a guilty plea or trial conviction. Accordingly, petitioner cannot establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In addition, the court agrees with Judge Mann that petitioner's assertion that he would have pleaded guilty if he had known that a trial conviction would lead to deportation is undermined by the fact that petitioner was previously deported after a prior conviction and "thus could not reasonably have believed that he would ever be permitted to remain in this country following yet another conviction." (R&R at 25; *Sandoval* Tr. at 6.) Moreover, even assuming, *arguendo*, that petitioner was not put on notice about deportation from his prior conviction, the transcripts from petitioner's pretrial hearings indicate that petitioner was unlikely to plead guilty even if he

had known about the immigration consequences arising from a
trial conviction.

During the *Dunaway/Wade/Mapp* hearing, petitioner was
offered a plea deal of five years custody with five years post-
release supervision, but rejected it. (DWM Tr. at 4-5.)
Further, during the *Sandoval* hearing, the government offered a
new plea deal of ten years, and the judge gave extensive
warnings to petitioner about the risks of going to trial,
including the weight of the evidence against the defendant and
the strong possibility of receiving a "very, very high
sentence." (*Sandoval* Tr. at 2-4.) After these warnings, the
judge gave time for petitioner and his attorney to discuss the
plea offer and petitioner again rejected the offer. (*Sandoval*
Tr. at 4-5.) Notwithstanding the attorney-client privilege,
there is evidence in the record of the discussions of these plea
offers between petitioner and his attorney.[8] Moreover, as Judge
Mann notes in the R&R, petitioner was present at both hearings
and did not say anything when his attorney told the court "I
have spoken to him [petitioner]. Again I have gone over the

---

[8] In the *Dunaway/Wade/Mapp* hearing, the transcript reads as
follows:
> MS. MAGNANI: I will come down to Attempted Robbery in the First
> Degree, five years, and then five years' post release
> suspension.
> THE COURT: Okay. That's where we're at. No? The answer is no?
> Okay.
(DWM Tr. at 5.)
At the *Sandoval* hearing, the discussion between petitioner and
his attorney regarding the plea offer was off the record. (*Sandoval* Tr. at
4.)

risks of going to trial.  He indicated he is not interested in a
plea." (*See* R&R at 1; *see also Sandoval* Tr. at 5.)

Based on the pretrial record, it thus appears that the
petitioner had no intention to accept a plea offer despite being
advised of the weight of the evidence against him and the high
risk of receiving a lengthy sentence after trial.  Accordingly,
petitioner has not "affirmatively prove[n] prejudice by putting
forth credible evidence that he would actually have [pled
guilty] had he known of the precise immigration consequences of
his conviction." *Gomez v. United States*, No. 10 Civ. 01886,
2013 WL 66080, at *6 (E.D.N.Y. Jan. 4, 2013) (internal quotation
marks and citation omitted).  The court agrees with Judge Mann's
R&R that petitioner's deportation-related claims of ineffective
assistance of counsel do not satisfy the *Strickland* dual-pronged
standard, and finds petitioner's objection regarding the
sufficiency of his self-serving assertion of prejudice to be
without merit.

### 2.  Petitioner's Untimely Objections

In addition to petitioner's objection that Judge Mann
did not properly credit his self-serving assertion of prejudice,
petitioner submits two further objections citing additional
cases to support his ineffective assistance of counsel claims.
(*See* Pet'r Req.; Pet'r Ltr.)  These objections are untimely as
they were filed well beyond the additional time granted by the

court to file objections. (*See* ECF No. 16, Order Granting Additional Time to File Objections entered on 8/31/10 (ordering all of petitioner's objections to be filed and served by October 8, 2010).) Even if these objections were not untimely, the cases petitioner cites are factually dissimilar and do not support petitioner's claims.

First, petitioner requests that this court take notice of recent Supreme Court jurisprudence, *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). (Pet'r Req. at 2.) Both cases are distinguishable from petitioner's situation. In *Frye*, defense counsel was found to be ineffective because he did not give *any* notification to the defendant of an existing plea offer. 132 S. Ct. at 1404-05, 1411. In *Lafler*, defense counsel was found to be ineffective because he specifically told the defendant to reject the plea deal and go to trial, resulting in a substantially greater sentence. *Lafler*, 132 S. Ct. at 1380. Here, in contrast, petitioner received notice of two plea offers and was adamantly warned by both his counsel and the judge of the risks of going to trial given the substantial evidence against him. (*See* DWM Tr. at 4-5; *Sandoval* Tr. at 2-4.) Nevertheless, petitioner rejected these offers and indicated he was not interested in a plea at all. (R&R at 1; *see also Sandoval* Tr. at 5.)

In his second untimely submission, petitioner objects to the R&R on the grounds that it is contrary to the Second Circuit's decision in *Raysor v. United States*, 647 F.3d 491 (2d Cir. 2011). (Pet'r Ltr. at 1-2.) Specifically, petitioner points out that the court in *Raysor* credited the defendant's affidavit over that of the attorney because it was supported by objective evidence. (*Id.*) In *Raysor*, the objective evidence was a "significant sentencing disparity" that supported the claim that defendant would have accepted a plea deal. *Raysor*, 647 F.3d at 495-96. Here, although there is some disparity between the plea offered by the government (10 years) and the sentence that petitioner ultimately received (25 years), it hardly rises to the level of the "significant disparity" in *Raysor*. *Id.* (finding significant disparity where plea offer was for 29 years, but defendant was ultimately sentenced to multiple life terms). Moreover, the defendant in *Raysor* did not face deportation, as petitioner does here. As discussed above, even if petitioner had timely alleged a significant sentencing disparity, his claim of *Strickland* prejudice would still fail because the deportation consequence of conviction, either through a guilty plea or a trial, remained the same. *See Orozco*, 2013 WL 4483404, at *1; *Francis*, 2013 WL 673868, at *4; *supra* at 15-17.

Accordingly, this court finds that petitioner's untimely objections to Judge Mann's R&R are without merit, and agrees with the R&R that petitioner's self-serving assertions of prejudice do not entitle him to habeas relief.

## II. Judge Mann's Purported Failure To Conduct an Evidentiary Hearing Before Issuing R&R

Somewhat related to petitioner's objections to Judge Mann's rejection of his ineffective assistance claims, is his contention that Judge Mann erred in failing to conduct an evidentiary hearing before recommending dismissal of his ineffective assistance of counsel claims. (*See* Obj. at 3; Pet'r Ltr. at 3.) For the reasons discussed below, the court finds petitioner's objection to be meritless.

### A. Claims Adjudicated on the Merits in State Court

As a threshold matter, the ability of a district court to hold an evidentiary hearing depends on whether petitioner's claims were adjudicated on the merits in state court. Under 28 U.S.C. § 2254(d), which applies to habeas claims that were first adjudicated on the merits in state court proceedings, the district court may not rely upon new evidence produced at an evidentiary hearing to determine habeas relief, and must instead limits its review to "the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see also Lopez v.*

*Miller*, 906 F. Supp. 2d 42, 51-52 (E.D.N.Y. 2012).  This

restriction on the district court's authority to hold an

evidentiary hearing is due to Congress's intent "to channel

prisoners' claims first to the state courts."  *Cullen*, 131 S.

Ct. at 1399.  As the Supreme Court noted, "[i]t would be

contrary to that purpose to allow a petitioner to overcome an

adverse state-court decision with new evidence introduced in a

federal habeas court and reviewed by that court in the first

instance effectively *de novo*."  *Id*.

It is well-settled that "adjudicated on the merits"

under § 2254(d) does not require the state court to have engaged

in an extensive discussion of the prior claim.  Rather,

"adjudicated on the merits" means simply that a state court "(1)

disposes of the claim 'on the merits,' and (2) reduces its

disposition to judgment.  When a state court does so, a federal

habeas court must defer in the manner prescribed by 28 U.S.C. §

2254(d)(1) to the state court's decision on the federal claim –

even if the state court does not explicitly refer to either the

federal claim or to relevant federal case law."  *Sellan v.*

*Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001).  "[A]n issue may be

considered to be adjudicated on the merits even when the state

court does not specifically mention the claim but uses general

language referable to the merits."  *Eze v. Senkowski*, 321 F.3d

110, 122 (2d Cir. 2003) (internal quotation marks and citation

omitted).  If, however, the state court fails to indicate in any way that it had considered a claim, then that claim was not adjudicated on the merits.  *Norde v. Keane*, 294 F.3d 401, 410 (2d Cir. 2002) (holding that Sixth Amendment claim was not adjudicated on the merits where state court's summary denial of motion to reargue did not refer to any claim at all).

Here, petitioner previously claimed on direct appeal to the state court that trial counsel was constitutionally ineffective in failing to (a) urge him to plead guilty, (b) discuss with him during plea negotiations the potential deportation consequences of conviction, (c) zealously advocate for him at the *Sandoval* hearing, (d) object to or clarify whether one juror was under the age of eighteen, (e) defer to his desire to testify at trial, and (f) request a jury charge on a lesser included offense.  (*See* R&R at 9; Resp't Ex. B, Brief for Defendant-Appellant ("Pet'r App. Brief").)  Regarding the issue of deportation, petitioner claimed, as he does now, that his trial attorney should have warned him about the deportation consequences "as a result of any conviction in this case." (Pet'r App. Brief at 10.)  The Appellate Division denied petitioner's appeal and held that "defendant's contention that he was deprived of the right to effective assistance of counsel is *without merit*."  *People v. Cummings*, 848 N.Y.S.2d 196, 197

(N.Y. App. Div. 2007) (emphasis added).[9]  Petitioner then moved

in the Supreme Court of the State of New York to vacate his

conviction pursuant to New York Criminal Procedure Law § 440.10,

on the grounds that he was denied a fair trial by the

introduction of hearsay evidence and that his trial counsel was

ineffective in failing to object to hearsay evidence.  (*See* R&R

at 10; Resp't Ex. D, Motion to Vacate Pursuant to C.P.L. §

440.10 ("440.10 Mot.") at 16-20.)  The New York Supreme Court

summarily denied the motion, concluding that the claim was

meritless and that any error from the introduction of hearsay

evidence was harmless.  (*See* R&R at 10; ECF No. 23-1, Resp't Ex.

F, New York Supreme Court Decision and Order Denying 440.10

Motion dated 6/26/06 ("440.10 Order").)

        Thus, to the extent that petitioner now seeks an

evidentiary hearing regarding his claims of ineffective

assistance that were already raised and adjudicated on the

merits in state court, particularly the assertion that trial

counsel failed to notify petitioner about the deportation

consequences of a conviction, he is precluded by § 2254(d) and

*Cullen v. Pinholster*.

### B.  Claims Not Adjudicated on the Merits in State Court

---

[9] The Appellate Division noted that petitioner's claim that his
counsel prevented him from testifying "concerns [a] matter dehors the record
and is not properly presented on direct appeal." *Id.*

With respect to any claims that petitioner failed to raise in state court, or that were raised but not adjudicated on the merits in state court, 28 U.S.C. § 2254(e) permits this court to hold an evidentiary hearing in limited circumstances. In contrast to the prohibition on evidentiary hearings under § 2254(d) and *Cullen v. Pinholster*, § 2254(e) permits the federal court to hold an evidentiary hearing only if an applicant who has "failed to develop the factual basis of a claim in state court proceedings" can show that:

> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2); *see also Cullen v. Pinholster*, 131 S. Ct. at 1401. "Even if a petitioner meets the requirements of 28 U.S.C. § 2254(e)(2), whether that petitioner ought to be afforded an evidentiary hearing remains an issue committed to the district court's discretion." *Ruine v. Walsh*, No. 00 Civ. 3798, 2005 WL 1668855, at *3 (S.D.N.Y. July 14, 2005) (citing

*Nieblas v. Smith*, 204 F.3d 29, 32 (2d Cir. 1999)).  In deciding whether to grant an evidentiary hearing, the district court "must consider whether such a hearing could enable an application to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Thus, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."  *Id.*

Here, the only ineffective assistance claim that could possibly be deemed as not having been adjudicated on the merits in state court is petitioner's claim that counsel refused to let him testify.  The Appellate Division did not rule on this claim, finding that it "concerns [a] matter dehors the record and is not properly presented on direct appeal."  *People v. Cummings*, 848 N.Y.S.2d at 197.  Petitioner did not raise the testimony-related claim in his collateral challenge pursuant to New York Criminal Procedure Law § 440.10.  (*See* R&R at 23; 440.10 Mot.)

Under AEDPA, petitioner's request for an evidentiary hearing on his claim alleging counsel's violation of his right to testify "may be granted in only two circumstances: [1] where § 2254(e)(2)'s provisions do not apply to the claim because the petitioner did not fail to develop the factual basis of the claim in state court proceedings, or [2] where the petitioner's

claim falls under one of the two exceptions to § 2254(e)(2)."
*Ruine*, 2005 WL 1668855, at *3; *see also Channer v. Brooks*, 320
F.3d 188, 199 (2d Cir. 2003). A petitioner fails to develop the
factual basis of his claim in state court, thereby triggering
the stringent provisions of § 2254(e)(2), if he did not "make a
reasonable attempt, in light of the information available at the
time, to investigate and pursue claims in state court."
*Williams v. Taylor*, 529 U.S. 420, 435 (2000). To avoid coming
under the purview of § 2254(e)(2), a petitioner "must be
diligent in developing the record and presenting, if possible,
all claims of constitutional error." *Id.* at 437. At minimum,
diligence usually requires that the petitioner "seek an
evidentiary hearing in state court in the manner prescribed by
state law." *Id*. If a petitioner has been diligent in
developing the claim in state court proceedings, rendering §
2254(e)(2) inapplicable, then the demand for an evidentiary
hearing will be adjudged under more lenient pre-AEDPA standards.
*Ruine*, 2005 WL 1668855, at *3 (citing *United States ex rel.
Hampton v. Leibach*, 347 F.3d 219, 244 & n.12 (7th Cir. 2003)
(noting that standards of *Townsend v. Sain*, 372 U.S. 293 (1963)
apply where § 2254(e)(2) does not)).

Here, petitioner has failed to exercise diligence in
pursuing his ineffective assistance claim alleging that counsel
improperly prevented him from testifying, and thus triggers the

28

provisions of § 2254(e)(2). Even though the matter was outside
the record for purposes of direct appeal, petitioner had the
opportunity to develop the factual basis for his claim in state
habeas proceedings under New York Criminal Procedure Law §
440.10. *People v. Schrock*, 900 N.Y.S.2d 804, 807 (N.Y. App.
Div. 2010) (noting that claims involving matters outside the
record on direct appeal must be raised by way of a § 440.10
motion); *McCollough v. Bennett*, No. 02-CV-5230, 2010 WL 114253,
at *6 (E.D.N.Y. Jan. 12, 2010) (same). Despite the opportunity
to raise his testimony-related claim in state collateral
proceedings, petitioner chose not to. (*See* 440.10 Mot. (raising
ineffective assistance claim only on the grounds of counsel's
failure to object to hearsay evidence).) Petitioner has
therefore failed to diligently develop the factual basis for his
claim by seeking an evidentiary hearing in the manner prescribed
by state law.[10] *Williams*, 529 U.S. at 437; *Samper v. Greiner*, 74
F. App'x 79, 83 (2d Cir. 2003) ("A petitioner is diligent where,
as here, he requests an evidentiary hearing in the context of a
Section 440.10 motion."); *Pressley v. Bennett*, 235 F. Supp. 2d,
349, 369 (S.D.N.Y. 2003) (holding that § 2254(e)(2) bars an

---

[10] Even on direct appeal to the Appellate Division, petitioner
merely made conclusory and contradictory assertions about his desire to
testify, and failed to develop the factual record underlying his claim. (*See*
R&R at 23; Pet. App. Br. at 12 ("[T]he defendant was afraid to testify, but
his fear was moot because defense counsel did not let him testify as he had
wished anyway."))

evidentiary hearing where petitioner failed to develop claims
during direct appeal and collateral attack in New York courts).
Accordingly, the strict requirements of § 2254(e)(2) apply to
petitioner.

Under § 2254(e)(2), petitioner fails to meet the
prerequisites for an evidentiary hearing. Petitioner does not
allege that his ineffective assistance claim relies on a new
rule of constitutional law that was previously unavailable, nor
does he claim the existence of a factual predicate that was not
previously discoverable.[11] *See* 28 U.S.C. § 2254(e)(2)(A). Nor
does petitioner meet the second requirement under §
2254(e)(2)(B) of showing prejudice. Petitioner fails to allege
any facts sufficient to establish by clear and convincing
evidence that, but for the alleged constitutional error, no
reasonable fact-finder would have found him guilty of the
underlying offense. (*See* R&R at 23 (noting that petitioner only
made an "unsworn, conclusory claim" about his desire to
testify).) Indeed, in light of the "overwhelming" evidence of
petitioner's guilt, including the victim's identification of
petitioner, petitioner's fingerprints at the scene, and his
possession of property taken in the robbery (*see* 440.10 Order at
2; R&R at 23-24), it is highly unlikely that petitioner's

---

[11] A review of petitioner's filings in federal habeas court
reveals that petitioner has not alleged *any* facts to support his claim that
he was denied the right to testify.

testimony would have created a reasonable doubt in the jury's mind. *See Robles v. Lempke*, No. 09-CV-2636, 2011 WL 9381499, at *9 (E.D.N.Y. Sept. 9, 2011) (petitioner could not satisfy prejudice prong of § 2254(e)(2) where evidence against petitioner was "overwhelming" and included a victim's identification and stolen items recovered from petitioner's apartment). Accordingly, petitioner does not merit an evidentiary hearing on his claim that trial counsel was ineffective for allegedly preventing him from testifying.

In summary, under § 2254(d) and *Cullen v. Pinholster*, an evidentiary hearing is not warranted on petitioner's claims that were adjudicated on the merits in state court, including his deportation-related claim, and petitioner fails to establish that § 2254(e) would permit an evidentiary hearing on his ineffective assistance claim regarding his right to testify. Accordingly, petitioner's objection to the R&R on the grounds that Judge Mann did not hold an evidentiary hearing before recommending denial of his ineffective assistance of counsel claims is respectfully overruled.

## III. Judge Mann's Purported Failure To Consider Petitioner's Language Deficiencies

Finally, petitioner objects to Judge Mann's R&R on the grounds that she overlooked his "language deficiencies,"

31

specifically, his illiteracy and difficulty articulating vowels.
(Obj. at 2-3.)  However, this claim is also without merit.
There is no indication in Judge Mann's R&R that the petitioner
was not accorded leniency in his Petition.  (*See generally* R&R.)
In fact, many of the petitioner's claims that are reviewed in
the R&R are aggregated from various appeals, in addition to the
Petition itself, in order to give the petitioner the fullest
opportunity to have a more complete review of all claims.  *Id.*
Consequently, this court finds petitioner's claim that Judge
Mann's R&R overlooked petitioner's language deficiencies to be
without merit.[12]

## CONCLUSION

For the reasons set forth above, and based on the
record before the court, all of petitioner's objections are
overruled and Judge Mann's well-reasoned and thorough R&R is
adopted in its entirety as the opinion of the court.
Accordingly, the petition for a writ of *habeas corpus* is
respectfully denied and dismissed.  Because petitioner has not
made a substantial showing of the denial of any constitutional
right, a certificate of appealability will not issue.  *See* 28
U.S.C. § 2253.  The court certifies pursuant to 28 U.S.C.

---

[12] Petitioner cites two cases to support his objection regarding
his language difficulties.  (*See* Obj. at 2.)  The first, "United States v.
Leyde, 379 F.2d 53 (2d Cir. 2004)," does not exist. (*Id.*)  The second,
*Jefferson v. Upton*, 130 S. Ct. 2217 (2010), applies the pre-AEDPA version of
28 U.S.C. § 2254(d) and is therefore not applicable to petitioner's case,
which is governed by § 2254(d) as revised by AEDPA in 1996.

§ 1915(a)(3) that any appeal from this ruling would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Respondent shall serve a copy of this Order on petitioner and note such service on the docket within two days of the date of this Memorandum and Order. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:     October 23, 2013
           Brooklyn, New York

                                        _____/s/_____
                                        **Kiyo A. Matsumoto**
                                        United States District Judge
                                        Eastern District of New York